McLaughlin v Arch Ins. Co. (2021 NY Slip Op 03912)





McLaughlin v Arch Ins. Co.


2021 NY Slip Op 03912


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Acosta, P.J., Webber, Mazzarelli, Kennedy, JJ. 


Index No. 161034/13 Appeal No. 14077 Case No. 2020-02363 

[*1]Michael McLaughlin et al., Plaintiffs-Respondents-Appellants,
v
Arch Insurance Company, Defendant, Arch Specialty Insurance Company, Defendant-Appellant-Respondent.


Goldberg Segalla, LLP, Buffalo (Jonathan Schapp of counsel), for appellant-respondent.
Daniel J. Hansen, New York, for respondents-appellants.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about April 17, 2020, which denied defendant Arch Specialty Insurance Company's motion in limine and its motion for judgment notwithstanding the verdict, deeming that motion to be a motion to fix damages, and granted in part and denied in part plaintiffs' motion for entry of judgment in certain specified amounts, unanimously affirmed, with costs.
Supreme Court correctly denied Arch Specialty's motion in limine, which raised priority of coverage arguments just before trial, as an untimely dispositive motion (see Cullity v Posner, 143 AD3d 513 [1st Dept 2016]) and because Arch Specialty had failed to make those arguments in its motion for summary judgment(see Jones v 636 Holding Corp., 73 AD3d 409 [1st Dept 2010]). In any event, the arguments are unavailing since "Other Insurance" disputes are inapplicable to disputes between insurers (see Continental Cas. Co. v Rapid-American Corp., 80 NY2d 640, 655-656 [1993]) and because the schedule of underlying insurance listed only the $1 million policy issued by defendant Arch Insurance Company. Based on the language in Arch Specialty's policy requiring it to defend when either "the 'underlying insurance' does not provide coverage or the limits of 'underlying insurance' have been exhausted," Arch Specialty is further obligated to pay the costs of the underlying defense plus interest (IMG Worldwide, Inc. v. Westchester Fire Ins. Co., 572 Fed Appx 402, 410 [6th Cir 2014]; Hocker v New Hampshire Ins. Co., 922 F2d 1476, 1483 [10th Cir 1991]). Under the "Supplementary Payments" provision in its policy, Arch Specialty is also required to pay postjudgment interest "where the duty to defend exists" (Ragins v Hospitals Ins. Co., Inc., 22 NY3d 1019, 1022 [2013]).
Based on the assignment of rights between plaintiffs and the defendants in the underlying action, Supreme Court correctly calculated postjudgment interest on the $1,175,000 portion of the judgment attributable to defendants Arch Insurance and Arch Specialty. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021